Good morning. Thank you, your honors. Your honors, the Class Action Fairness Act... Could you get your name for the record, please, sir? Excuse me. Tim Frudenberger, representing defendant U.S. Bank. Thank you, sir. The Class Action Fairness Act was enacted to expand federal jurisdiction over large class actions and mass tort actions in the United States, as well as to reduce form shopping by plaintiffs. Mr. Frudenberger, does the bank agree that if you're unable to successfully plead punitive damages in this case, that the district court has no jurisdiction? If we are unable to... Considering your argument, if you believe that this is the normal, this is reverse of what you normally have. Normally, they're arguing for punitive damages and you're saying no way. Now, this way, you're arguing for punitive damages and they're saying no way. So it's a bit of a switch. So my question to you is, if there are no punitive damages in this case, the court, the district court has no jurisdiction, does it? That's probably correct. Okay. So if that's correct, assume, let's assume for a moment that we agree with you. Isn't the very first thing you're going to do is to move to strike the punitive damages on the basis that California law does not permit punitive damages when it sounds in contract, when the actions sound in contract? That decision has not been made. But that's the logical action, isn't it? Well, it's a possibility, Your Honor. But at this point, the more important consideration for the defendant is to be in the proper form, which in this case is Federal court. Not if there's no jurisdiction, given the amount in controversy. Correct. Okay. If the amount in controversy is shy of punitive damages, then isn't it a form over substance concept to proceed in the district court only to have you knock out punitive damages on the substantive law of California under Brewer, and therefore, there won't be any punitive damages?  And therefore, you don't have the amount in controversy. We wish it was that simple, but as the Court knows, the Brewer case did not involve a conversion claim. And so there is no ---- But it talked about tort. It said that if anything, under the California law, if it's contractual in nature, then by the statutory law of California, and whatever effect, preemptive effect or exclusionary, exclusive effect of the Labor Code may be, it's pretty clear, it seems, as a matter of substantive California law, there is not a basis for punitive damages. The client ought to be very happy with that. The Brewer case dealt with a claim for punitive damages or the potential for punitive damages under Labor Code claims. Yeah. And held that that was improper. We're dealing with not statutory Labor Code claims, but a tort for conversion where punitive damages is recoverable. Suppose he gets up and stipulates that they're not asking for punitive damages. Then what? Well, as I said, that probably means that there's no Federal jurisdiction at this point. But it's a ---- and we would be satisfied with a result of no conversion claim and no punitive  It doesn't specifically end the inquiry. I realize that the bank is at a little bit of a disadvantage at this point because there has been no deposition or discovery. And so we're going with plaintiff's concession of 2.5 hours of overtime worked to determine what the amount of controversy would be for the punitive class. But that number is extremely low. That number, as this, as Your Honors know, is significantly lower than what was alleged and what was awarded in the similar Duran litigation where the hours worked were over 11. And so when that becomes clear, that issue becomes clear in discovery, there certainly could be an opportunity for the bank to establish, based on alleged hours worked alone, that the amount in controversy is over $5 million. Okay. Well, they've alleged that it's less than $5 million. The only thing that would push it over would be the punitive damages. Is that right? No. For jurisdictional purposes. At this point, at this point, it's a close call. And I understand that if you use the 2.5 hours analysis, then yes, the court would need to find or to include punitive damages in the calculation to get over the $5 million threshold. I'm just trying to simplify this so I get my, you know, my mind around it. If he gets up there and says we're not asking for punitive damages for the conversion, that's the end of the ballgame for you as far as you're concerned. The case would probably go back to State court, what you've just told me. At this point, yes. This is the point we're at. Okay. At this point, yes. Now, if he says we're going to go back to State court and ask for punitive damages, then we're still where we are. And then you've got your argument that it's still in controversy and that's the – that's what it comes down to then, right? That's clearly the basis for our argument. If the conversion claim remains, the conversion claim includes punitive damages. So with a recovery of a jury verdict on a conversion claim and a recovery of punitive damages, the amount in controversy is definitely over the $5 million threshold. Without that, as Your Honor pointed out, at this point, based on a 2.5-hour analysis, it would not be over the $5 million threshold. Let's suppose to follow up Judge Silverman's question that plaintiff's counsel stipulates today as a judicial concession that there is no punitive damage claim attachable to their claim under conversion or any other theory. Does that satisfy the bank that there's less than $5 million in controversy? Again, I have to say no because at this point I would say yes, but in the – in looking at the larger picture, I would have to say – Larger picture? You keep trying to make bigger. Your client ought to just be sweating bullets. What is it you're so worried about? Let me say this. If you get the judicial admission and or concession and you get the concession that the plaintiff and the punitive class is only seeking overtime per week in the amount of 2.5 hours, then yes, no federal court jurisdiction. So you're saying that it could go over $4 million. If you take out punities – that's why I wasn't following your argument. You seem to be arguing that the number of hours is in flux. Therefore, even if punitive damages comes out, there's some high-end number of hours that could drive it up over $5 million given the number of people in the class and the potential hours. That's correct. That's correct. All right. Before I forget, is the bank willing to waive the CAFA 60-day rule in terms of when we have to hand out our decision? This is an important question we're dealing with here. We gave the bank authority to appeal the question in the first place. So my question to you is, are you willing to waive the 60-day rule? Yes, Your Honor, and we appreciate the granting of the request to appeal. Thank you. And if I may, I'll reserve the remainder of my time. You betcha. Thank you very much. Thank you. Good morning, sir. My name is Ed Wynn for Plaintiff Appellee. To answer the first question that you're about to ask me, yes, plaintiffs would stipulate to not pursuing punitive damages either. Okay. Well, thanks a lot for coming. I guess that takes care of this. Thank you. As the Court stated, it was not determining the merits of the case prior to determining jurisdiction. It stated, quote, without prejudging the issue. Courts are entitled to look at whether punitive damages are even recoverable under State law. How do you reconcile that with Bell? Bell v. Preferred Life? Mm-hmm. Well, I think Bell is the first case that a whole line of cases were citing for that proposition, looking at whether it's recoverable or not. We've got Gibson v. Chrysler coming out of this circuit that relied on Bell. Also, Anthony v. Security Pacific, a Seventh Circuit case, also relying on Bell. And then we've got other district court cases, Conrad, Simmons, Hays v. Aerodynamics, which was not cited in our papers, and also Tessing v. Wal-Mart and other cases. This is not a novel or complex theory. Well, it's fair to say that from your perspective, the district court had every right to kind of get to the merits, if you will, at least based upon the merits as alleged in the pleading to see whether there's an underlying basis in State law. I wouldn't phrase it that way, Your Honor, with respect. I wouldn't say that the Court had a right to get to the merits. I would say that the Court had a right to make a determination whether it was even possible or not. It's a question of whether it is — well, putting it this way, punitive damages, determining whether punitive damages are even recoverable is not the equivalent of determining an affirmative defense or the merits. And that is because whether defendant objected or not to the claim of punitive damages, the district court was without power to award them. It is not a question — Why is it so clear under California law that — I mean, what you've stipulated, so I assume you're satisfied that it is, but why is it so clear under California law, as a matter of substantive California law, that you couldn't get punitive damages under your conversion claim in this case? Is it absolutely clear, or is it — I think so. Given Moore v. Golf Properties, Your Honor, in that case, yes, it was — there actually were overtime allegations made in that case, but the Court seemed to focus on the meal and rest break. It's certainly — it's a labor code claim, and the Court there had two bases for its decision. One, that punitive damages are not recoverable in actions not arising in contract. The employer-employee relationship is inherently one that's contractual. Moreover, there's also the new right exclusive remedy doctrine. Overtime just simply didn't exist before the labor code. So under either of those bases, the Brewer v. Premier Golf Properties found that punitive damages, either based on labor code directly or indirectly, the conversion cause of action, are simply not available. Okay. So — but you do believe there is a conversion claim available? I think conversion, if you separate it out of this context, perhaps in another context where the other elements are shown — Not in this one, because the conversion is inherently based on the labor code. And why did you plead it? Well, I think the answer to that question is not relevant to this Court — Well, it is, because you say it's absolutely clear as a matter of substantive California law that there is no such claim. I don't know if California has the equivalent of Rule 11, but you apparently, through your research, concluded that it was arguable enough that there was a conversion claim, to plead it in good faith as an officer of the Court. If I said that there was — that I knew about Brewer and intentionally tried to plead around it, then what the Court would be saying is that a plaintiff could vest a Federal court in jurisdiction. I don't think that's appropriate. There's a long line of cases that say that. It's not my question. My question was, if you are correct that the district court has authority to look to the substantive law without deciding the merits of the claim, to decide whether or not there is even the ability of the plaintiff to make a claim, to state a claim, which is what makes this difficult. It sounds almost like a 12b-6 motion. Then the question is, do you give any weight to the fact that the plaintiff pled it in  I'm going to assume good faith belief that under California laws, a California practitioner, you concluded it was a colorable argument to make a conversion claim notwithstanding the law of California. No. And to be frank, Your Honor, I wasn't aware of Brewer when I pled out this complaint. And subsequent to that, I became aware, as a result of having the case removed and taking a closer look at it, that the logical extension of Brewer means that punitive damages are not available when the labor code. And so why didn't you dismiss the claim in the district court? We didn't have an opportunity, Your Honor. If we had that opportunity, we would take that. Well, just to follow up on Judge Fischer's point. So if I understood your first comment, you're willing to waive punities. Are you willing to waive a conversion claim as well? So basically we're writing finis to that part of the lawsuit. Yes, sir. Okay. So basically you're waiving both of those. The only way they get jurisdiction is if somehow they can come up with more money to justify the jurisdictional limit. I think that's right. And I think also that that whole argument that defense counsel gave is outside of the scope of the issues that they framed before this Court. But the district court also had a second basis for granting our motion to remand, and that is that it found that defendant's evidence was too speculative. Before we leave that, though, you're stipulating here this is a punitive class action, correct? That's right. Okay. So does that status affect your ability to waive claims in this lawsuit? Well, first of all, it's a punitive class action. It hasn't been certified yet. It hasn't been certified. And secondly, I can recover the overtime through the other causes of action that are pled, namely through the Labor Code and also through Business and Professions Code, sections 17 to 100. So by waiving the conversion cause of action, I'm not really walking away from anything. And if you go back to state court and pursue this as a class action and seek certification, is your waiver binding at that point, or are you likely to have found an inadequate representative of the class? The only claims that will be certified will be the claims that I put forward. So if, I guess, theoretically, another class member could bring a cause of action for conversion, however, defendant would have a very good argument that that claim is inherently based on the Labor Code. Therefore, it's subsumed within the claims that are certified, i.e., the claims under Labor Code and the claims under Business and Professions Code, section 17 to 100. I interrupted you. You were going to talk about the clarity of the record on the claims. The second point is that the Court found that defendant's evidence was too speculative under Loudermilk v. U.S. Bank. Defendant had one citation to Sabaglio v. Wal-Mart. The Court there, our Court, found that it was not sufficient, and it's not sufficient because it's certainly not analogous. Defendant was required to come up with jury verdicts with analogous facts. And the district court here found that Sabaglio was not. And as a first point, it's not analogous because the verdict there is not supportable as a matter of law in light of Brewer v. Gulf Properties. Furthermore, under Conrad and Associates, defendant is entitled, is required, rather, to make particular facts, to show particular facts. And the fact that punitive damages award are simply there is just not enough. That case was not summary judgment-type evidence that the Court, that defendant was required to show. Then they had Green v. Party City. Well, that's not even a jury verdict. So that doesn't meet the test at all. And let me ask you, you only have a few seconds left. Judge Smith asked counsel about waiving the 60-day time limit for the decision in this case. Do you have any problem with that? No, sir. Okay. Anything else? Thank you very much, Mr. Wayne. Thank you, Your Honors. Thank you, Your Honors. Mr. Wayne mentioned that he wasn't aware of the Brewer case at the time that this complaint was filed. But the Brewer case, as this Court knows, was decided on December 3, 2008. Okay. So he was wrong about bringing the claim. He now stipulates he won't seek punitive damages in the conversion claim. And I think you told us five minutes ago that his stipulation would dispose of the matter. Is that still the case? Dispose of the matter? Dispose of our appeal. I mean, the district court, we would hold the district court properly sent the case back to State court. Well, at this time, as I said, with an overtime amount of 2.5, that would appear to be appropriate. But, again. That's the game. I mean, those are the cards we're dealt. I'm just pointing out just so I don't want to preclude the bank on this issue because if they claim, let's say, 7.5 hours or more, then the amount in controversy will be reached based on. Okay. Well, then we'll have another case another day. Okay. Understood. Okay. That's all I have, Your Honors. Thank you, gentlemen. Thank you. Case to start.
judges: Silverman, Fisher, Smith M.